The judgment of the court was pronounced by
Rost, J.
The plaintiff, who is an attorney at law, sues the defendant for professional services rendered to Eugene Richard, her late husband, during marriage, on the ground that all the property of the community has been adjudged to her by a decree of court, at the price of appraisement, and that she has thereby become liable for the community debts.
The defendant pleaded the prescription of three years under art. 3503 of the Code. There was judgment in her favor, and the plaintiff appealed.
It is not denied, that more than three years elapsed between the rendition of the service for which the plaintiff claims compensation and the institution of this suit. But the plaintiff shows, that three years had not expired from the term of the rendition of the service to the death of Eugene Richard, and makes the following points: 1st. That the plea of prescription being a personal one, it is not competent for the widow or heirs to set it up. 2d. That prescription being suspended against minors, it is also suspended when invoked in their favor in cases like the present.
These grounds are not tenable. The action of attorneys for their fees, no matter against whom instituted, is prescribed by three years. The only debts for which the prescription which has commenced to run in favor of the debtor, is suspended by his death, are the debts due to the beneficiary heirs. Art. 3492, C. C.
The rule which suspends prescription during minority, is made exclusively for the advantage of minors, and was not intended to deprive them of the rights secured by law to persons of age. Moreover, there are no minors in this controversy.
Notwithstanding the equity of the plaintiff’s case, it is not in our power to relieve him.
Judgment affirmed, with costs.